# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WALTER KEITH SAWYER,

      Petitioner,

    v.

BOBBI JO SALAMON,[1]

      Respondent.

No. 1:19-CV-00062

(Chief Judge Brann)

## MEMORANDUM OPINION

### APRIL 5, 2023

Petitioner Walter Keith Sawyer initiated this action in January 2019 by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Following a lengthy stay to exhaust additional claims in state court, Sawyer filed a supplemental habeas petition in September 2022, asserting four more grounds for relief.  After careful consideration, the Court will deny Sawyer's Section 2254 petitions.

## I.   BACKGROUND AND PROCEDURAL HISTORY

The convictions underlying the instant petition stem from an incident that occurred over a decade ago.  In December 2012, Sawyer picked up a sixteen-year-old girl (B.B.) at a bus station in Harrisburg, Pennsylvania, offering to drive her to

---

[1]   At the time of filing, Sawyer was incarcerated at SCI Retreat and properly named the superintendent of that facility as the respondent in this habeas action.  *See* Doc. 1 at 1.  Sawyer is currently incarcerated at SCI Rockview, so the Court will substitute the proper respondent, SCI Rockview superintendent Bobbi Jo Salamon.  *See Barry v. Bergen Cnty. Probation Dep't*, 128 F.3d 152, 162 (3d Cir. 1997) (citing *Braden v. 30th Jud. Cir. Crt. of Ky.*, 410 U.S. 484, 494-95 (1973)); 28 U.S.C. § 2254 Rule 2(a); *see also* 28 U.S.C. § 2242.

a gas station where she could buy food while she waited for her connecting bus to Hazelton.[2]  B.B. accepted the offer and entered Sawyer's vehicle.[3]  Instead of driving to a gas station, Sawyer took B.B. to a secluded parking lot under a nearby bridge and threatened B.B. that if she did not have sex with him, he would not drive her back to the bus station in time to catch the bus to Hazelton.[4]  As Sawyer began to undress B.B. in the back seat of his car, a police officer—on routine patrol in the area—encountered Sawyer's vehicle.[5]  The officer questioned B.B. about what was happening, and she informed him of Sawyer's attempt to coerce her into having sex.[6]  The officer also questioned Sawyer, who provided the birth certificate and Social Security card of another individual as his own identification.[7]

In May 2013, Sawyer was charged with kidnapping,[8] unlawful restraint, false imprisonment, unlawful contact with a minor, criminal attempt indecent

---

[2]   *Commonwealth v. Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *1 (Pa. Super. Ct. Apr. 22, 2015) (nonprecedential).

[3]   *Id.*

[4]   *Id.*  There is conflicting information in the record regarding whether Sawyer took B.B. to the gas station and then to the bridge, or straight to the bridge.  This factual discrepancy, however, is immaterial to any of the claims in this case.

[5]   *Id.*

[6]   *Id.*

[7]   *Id.*

[8]   It appears that Sawyer was charged with kidnapping under 18 PA. CONS. STAT. § 2901(a)(1) and (a)(2).  *See Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *6 n.1.  Subdivision (a)(1) requires that the defendant removed a person a substantial distance or confined a person for a substantial period in a place of isolation with the intent "to hold [the person] for ransom or reward, or as a shield or hostage."  18 PA. CONS. STAT. § 2901(a)(1).  Subdivision (a)(2), which appears more applicable to the facts of Sawyer's case, requires that the defendant removed a person a substantial distance or confined a person for a substantial period in a place of isolation with the intent to "facilitate commission of any felony or flight thereafter."  18 PA. CONS. STAT. § 2901(a)(2).

assault, open lewdness, false identification to law enforcement, and defiant trespass.[9]  Following a jury trial, Sawyer was found guilty of kidnapping to facilitate a felony,[10] unlawful contact with a minor – open lewdness,[11] and false identification to law enforcement.[12] [13]  In April 2014, he was sentenced to 25 to 50 years' imprisonment on the kidnapping count, a concurrent sentence of 5 to 10 years' imprisonment for unlawful contact with a minor, and a concurrent sentence of 1 to 2 years' imprisonment for false identification.[14]  The 25- to 50-year sentence for kidnapping was the result of Sawyer being sentenced under the mandatory minimum "three strikes" provision of 42 PA. CONS. STAT. § 9714 for having two prior convictions for crimes of violence.[15]

Sawyer, through counsel, filed a timely post-sentence motion requesting modification of the sentence for the false identification conviction (as that sentence exceeded the maximum allowed by law) and raising a weight of the evidence claim.[16]  Prior to the trial court ruling on that motion, Sawyer moved to proceed *pro se*.[17]  The trial court held a hearing pursuant to *Commonwealth v. Grazier*,[18]

---

[9]   *See Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *1, 6 (incorporating Aug. 6, 2014 trial court opinion issued pursuant to PA. R. APP. P. 1925(a)).
[10]  18 PA. CONS. STAT. § 2901(a)(2).
[11]  *Id.* § 6318(a)(2).
[12]  *Id.* § 4914(a).
[13]  *See Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *1, 6.
[14]  *Id.*, at *1, 6.
[15]  *See id.*, at *1, 13; 42 PA. CONS. STAT. § 9714(a)(2).
[16]  *Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *6, 9.
[17]  *Id.*, at *6.
[18]  713 A.2d 81 (Pa. 1998).

informing Sawyer of his right to counsel and ultimately permitting Sawyer to exercise his constitutional prerogative to represent himself.[19]  The trial court additionally modified the false-identification sentence during this hearing to reflect the one-year maximum penalty permitted by state law.[20]

Sawyer filed a *pro se* amendment to the counseled post-sentence motions, raising additional claims concerning (1) lack of subject matter jurisdiction due to the absence of an arrest warrant and preliminary arraignment; (2) failure by the Commonwealth to present at the preliminary hearing or by way of formal amendment to the charging documents the charge of unlawful contact with a minor; (3) a speedy trial violation; (4) unlawful delay by the prosecution resulting in destruction of video evidence; and (5) an illegal sentence under the recidivist statute because Sawyer did not have two prior crimes of violence.[21]

The trial court agreed with Sawyer only as to his illegal sentence claim, finding that he had just one prior crime of violence and therefore should have been sentenced to a mandatory minimum term of 10 to 20 years (rather than 25 to 50 years) on the kidnapping conviction.[22]  Notably, in the body of the trial court's Rule 1925(a) opinion, the court correctly stated the revised kidnapping sentence as

---

[19]   *Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *6.
[20]   *Id.*, at *6, 9.
[21]   *See id.*, at *10-13.
[22]   *See id.*, at *2, 13; 42 Pa. Cons. Stat. § 9714(a)(1), (a.1).

"120-240 months of incarceration"[23]; however, in the opinion's closing sentence—in what was likely a scrivener's error—the court indicated that it was resentencing Sawyer on the kidnapping charge to "120-*140* months" of imprisonment.[24]  This "120-140 months" amended judgment of sentence also appeared on the state-court docket.[25]

Sawyer, continuing to act *pro se*, appealed to the Superior Court of Pennsylvania.  The Superior Court rejected all Sawyer's claims except his challenge to the "120-140 months" sentence for kidnapping.[26]  The panel assumed a scrivener's error but vacated the judgment of sentence and remanded to the trial court for resentencing.[27]  The trial court, as expected, resentenced Sawyer to 120 to 240 months' imprisonment on the kidnapping charge.[28]

After resentencing, Sawyer attempted another direct appeal, raising seven issues for review.[29]  The Superior Court, however, observed that Sawyer was "on direct appeal following remand for the limited purpose of correcting an illegal sentence," and thus it could not reach the merits of six out of seven of Sawyer's

---

[23]  *See* 42 PA. CONS. STAT. § 9714(a.1) ("An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence, notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.").

[24]  *See Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *2 n.3, 13, 14 (emphasis supplied).

[25]  *See id.*, at *2 n.3.

[26]  *See id.*, at *1, 6.

[27]  *Id.*, at *6.

[28]  *See Commonwealth v. Sawyer*, No. 1981 MDA 2015, 2016 WL 5340506, at *2 (Pa. Super. Ct. July 19, 2016) (nonprecedential).

[29]  *Id.*

claims.[30]  The panel then reviewed and rejected Sawyer's only cognizable claim: a

challenge to his new sentence under the recidivist statute.[31]  In rejecting Sawyer's

remaining claim, the Superior Court reasoned that the legal questions presented

had already been resolved during Sawyer's previous appeal and therefore the "law

of the case doctrine" precluded the court from revisiting those issues.[32]  On

December 28, 2016, the Supreme Court of Pennsylvania denied Sawyer's petition

for allowance of appeal.[33]

Sawyer then began his lengthy pursuit of post-conviction relief.  He filed his

first *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA)[34] in

January 2017.[35]  The PCRA court appointed counsel, who filed a supplemental

PCRA petition in April 2017.[36]  An evidentiary hearing was held on July 25, 2017,

after which the PCRA court dismissed Sawyer's petition.[37]  The Superior Court

denied Sawyer's counseled PCRA appeal on October 16, 2018.[38]  Sawyer filed his

first Section 2254 petition in this Court approximately two months later.[39]

---

[30]  *Id.*

[31]  *Id.*, at *2-3.

[32]  *Id.*

[33]  *Commonwealth v. Sawyer*, No. 607 MAL 2016, 164 A.3d 477 (Pa. 2016) (table).

[34]  42 PA. CONS. STAT. § 9541 *et seq.*

[35]  *Commonwealth v. Sawyer*, No. 433 MDA 2018, 2018 WL 4998304, at *2 (Pa. Super. Ct. Oct. 16, 2018) (nonprecedential).

[36]  *Id.*

[37]  *Id.*

[38]  *Id.*, at *1, 6.

[39]  *See* Doc. 1 at 28.

On June 3, 2019, the Court granted Sawyer's request for a stay while he pursued additional state-court relief.[40]  Sawyer had apparently filed a second *pro se* PCRA petition in May 2019, which was then followed by a counseled supplemental petition in September 2019.[41]  In his second PCRA petition, Sawyer raised a claim regarding an alleged recantation made by B.B. to a private investigator hired by Sawyer's family.[42]  The PCRA court dismissed Sawyer's second petition in January 2020 and the Superior Court affirmed.[43]  The panel found that Sawyer had failed to establish why "he could not have obtained this information from the victim" earlier or why "he [had] waited until approximately six years after the incident and four years after his trial to pursue this information."[44]  The Superior Court concluded that Sawyer could not meet the "new facts" exception to the PCRA's one-year statute of limitations,[45] and therefore his petition was untimely.[46]

Undeterred, Sawyer filed a third *pro se* PCRA petition in January 2021, as well as a "Petition for Extraordinary Relief Illegal Sentence."[47]  In these post-

---

[40]  Doc. 13.
[41]  *See Commonwealth v. Sawyer*, No. 287 MDA 2020, 2020 WL 6544581, at *2 (Pa. Super. Ct. Nov. 6, 2020) (nonprecedential).
[42]  *Id.*
[43]  *Id.*, at *2-3.
[44]  *Id.*, at *3.
[45]  *See* 42 PA. CONS. STAT. § 9545(b)(1)(ii) (requiring petitioner to allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").
[46]  *See Sawyer*, No. 287 MDA 2020, 2020 WL 6544581, at *3.
[47]  *See Commonwealth v. Sawyer*, No. 1213 MDA 2021, 2022 WL 1584836, at *2 (Pa. Super. Ct. May 19, 2022) (nonprecedential).

conviction filings, Sawyer claimed that had been wrongfully sentenced under the recidivist statute (Section 9714) because he allegedly had no prior convictions that qualify as a "strike."[48]  The PCRA court dismissed Sawyer's third PCRA petition as untimely and, in May 2022, the Superior Court affirmed on the same basis.[49]

Sawyer returned to federal court in June 2022 and moved to lift the stay in his case.[50]  He filed a "supplemental" Section 2254 petition three months later, raising four additional grounds for habeas relief.[51]  Sawyer's initial and supplemental petitions are fully briefed and ripe for disposition.

## II.    STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[52] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[53]  An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[54]

---

[48]  *See id.*
[49]  *Id.*, at *2, 3.
[50]  *See* Doc. 14.
[51]  *See generally* Doc. 19.
[52]  28 U.S.C. §§ 2241-2254.
[53]  *Id.* § 2254(b)(1)(A).
[54]  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play."[55]  Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns.[56]

A few limited exceptions to this rule exist.  One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."[57]  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."[58]  To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[59]  If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim

---

[55]  *Carpenter*, 296 F.3d at 146 (citations omitted).

[56]  *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).

[57]  *Id.* at 10 (citing *Coleman*, 501 U.S. at 750).

[58]  *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).

[59]  *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

on the merits."[60]

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"[61]  To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence.[62]

## III.   DISCUSSION

Sawyer raises a bevy of claims in his initial and supplemental Section 2254 petitions.  Many of them are unexhausted and procedurally defaulted.  The Court will examine Sawyer's claims in turn, subdivided by each petition filed.

### A.     Initial Section 2254 Petition

Sawyer's initial Section 2254 petition raises two grounds for relief: a sufficiency of the evidence challenge (Ground One) and six interrelated claims that Sawyer describes as "ineffective assistance of counsel" and "trial court error" (Ground Two).  The Court begins with Sawyer's sufficiency claim.

#### 1.     Ground One: Sufficiency of the Evidence

Sawyer maintains that the evidence at trial was insufficient to sustain his convictions for kidnapping and unlawful contact with a minor.  Sawyer argues that, because the jury acquitted him on the charge of attempted indecent assault, it

---

[60] *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

[61] *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750).

[62] *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

follows that there was insufficient evidence to convict him for kidnapping or unlawful contact with a minor, thereby resulting in inconsistent verdicts and a due process violation. This claim, however, is procedurally defaulted and therefore unreviewable.

During his first direct appeal, Sawyer asserted a *weight* of the evidence—not a *sufficiency* of the evidence—challenge with the trial court in his "statement of errors complained of on appeal," *i.e.*, his statement under Pennsylvania Rule of Appellate Procedure 1925(b). The Superior Court made clear that, although Sawyer was attempting to argue inconsistent verdicts (and thus insufficient evidence) in his appellate brief, he had not raised that claim with the trial court in his Rule 1925(b) statement as required by Pennsylvania law.[63] Specifically, the panel explained,

> In his Rule 1925(b) statement, [Sawyer] included a boilerplate challenge to the weight of the evidence. Likewise, in the statement of questions presented, [Sawyer] also couched this issue in terms of weight of the evidence. [C]laiming "the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict . . . ." *Commonwealth v. Moreno*, 14 A.3d 133, 136 (Pa. Super. 2011), *appeal denied*, 615 Pa. 791, 44 A.3d 1161 (2012). Here, [Sawyer]'s proposed argument actually implicates the sufficiency of the evidence rather than its weight. *See Commonwealth v. Miller*, 613 Pa. 584, 588, 35 A.3d 1206, 1208 (2012) (stating inconsistent verdicts "are allowed to stand so long as the evidence is sufficient to support the conviction").[64]

---

63   *Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *2.
64   *Id.*, at *2 n.4.

The Superior Court thus held that Sawyer had waived his claim regarding sufficiency of the evidence.[65]

Rule 1925(b) is an "independent and adequate" state procedural rule, and the Superior Court's determination that Sawyer had waived his sufficiency claim by failing to adhere to Rule 1925(b) generally bars federal habeas review.[66] Sawyer has not established cause or prejudice to excuse his procedural default of this post-conviction claim,[67] and therefore the Court is precluded from reviewing it.[68]

It is of no matter that Sawyer attempted to raise a sufficiency of the evidence claim as part of his second direct appeal.[69] As the Superior Court aptly explained, that second appeal followed remand for the limited purpose of correcting an illegal

---

[65]  *Id.*, at *2 (citing *Commonwealth v. Castillo*, 888 A.2d 775 (2005) (reaffirming general rule that any issue not included in Rule 1925(b) statement is deemed waived for purposes of appellate review)); *see also* PA. R. APP. P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

[66]  *See Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *Buck v. Colleran*, 115 F. App'x 526, 528 (3d Cir. 2004) (nonprecedential) (finding claims not properly raised in Rule 1925(b) statement to be procedurally defaulted).

[67]  It appears that Sawyer has only himself to blame for default because, as noted above, he chose to represent himself on direct appeal.  In his supplemental Section 2254 petition, Sawyer incorrectly claims that there was an "egregious error of having an untrained person represent themself on Direct Appeal, a Constitutional violation of a magnitude not seen often." Doc. 19 at 3.  There was, of course, no such constitutional violation because Sawyer waived his right to counsel at a hearing held specifically to determine whether he understood his right to counsel and desired to knowingly and intelligently waive that right.

[68]  *See Martinez*, 566 U.S. at 9 ("[U]nder [the doctrine of procedural default,] a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.  A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." (citations omitted)); *Cox v. Horn*, 757 F.3d 113, 118-19 (3d Cir. 2014).

[69]  *See* Doc. 2 at 99; Doc. 2-1 at 2-4 (attempting to assert, in his brief on appeal from resentencing, claim of insufficient evidence).

sentence, so the panel could not reach the merits of Sawyer's other, unrelated arguments, including sufficiency of the evidence.[70]  Hence, the fact that Sawyer improperly raised a sufficiency argument during his second direct appeal does not alter the conclusion that he procedurally defaulted this claim and it is therefore unreviewable.

The Court additionally finds that this claim is meritless.  Sawyer contends that his acquittal on the charge of attempted indecent assault means that he necessarily should have been acquitted on the charges of kidnapping and unlawful contact.  Sawyer argues that "both the Kidnapping to Facilitate a Felony and the Unlawful Contact with a Minor requ[i]re that the element of [the underlying felony of] Criminal Attempt Indecent Assault be proven."[71]

Sawyer is wrong.  The crime of unlawful contact with a minor for the purpose of committing one of the enumerated prohibited offenses (the statute lists six of them) does not require the criminal defendant to commit the underlying prohibited offense, let alone be convicted for it.  As the Superior Court admonished in *Commonwealth v. Morgan*, once a person "contacts or communicates with the minor *for the purpose of* engaging in the prohibited activity, the crime of unlawful

---

[70]  *See Sawyer*, No. 1981 MDA 2015, 2016 WL 5340506, at *2 (citing *Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. Ct. 2002) (noting that, on direct review following remand for resentencing, the only issues subject to appellate scrutiny are challenges to the sentence imposed on remand); *Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa. Super. Ct. 2001) ("[W]here a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed.")).

[71]  Doc. 19 at 5-6; *see also* Doc. 2 at 3-6.

contact with a minor has been completed.  Actual [commission of the underlying prohibited activity] is not an element of the crime contemplated in 18 Pa.C.S. § 6318.  Therefore, the actor need not be successful in completing the purpose of his contact or communication with the minor."[72]

The same is true for kidnapping to facilitate a felony.  The final element of that crime is the *mens rea* of intending to "facilitate commission of any felony or flight therefrom."[73]  Thus, kidnapping to facilitate a felony can be completed even if the underlying felony is not.[74]  Accordingly, Sawyer's sufficiency of the evidence claim is both procedurally defaulted and meritless.

### 2.    Ground Two: Ineffective Assistance, Trial Court Error

Under the "Ground Two" umbrella of his initial petition, Sawyer attempts to assert six interrelated claims that he describes as "ineffective assistance of trial counsel" and "trial court error."[75]  Sawyer appears to have raised most of these

---

[72]  *Commonwealth v. Morgan*, 913 A.2d 906, 910-11 (Pa. Super. Ct. 2006).

[73]  *See* 18 PA. CONS. STAT. § 2901(a)(2).

[74]  *See Commonwealth v. King*, 786 A.2d 993, 994 (Pa. Super. Ct. 2001) ("[Section 2901(a)(2) states, *inter alia*, that the kidnapper must kidnap his victim with the *intent* to facilitate commission of a felony; the actual commission of or conviction for a felony is not an element of the crime of kidnapping.  The statutory language of the crime is concerned with the state of mind of the kidnapper.  To successfully prosecute the crime of kidnapping under this section, the Commonwealth must establish [the defendant] kidnapped his victim *with the intent* to facilitate the commission of a felony.").

[75]  *See, e.g.*, Doc. 1 at 7 (describing "Ground Two" as "trial court erred [sic] and ineffective assistance of trial counsel/violation 6th and 14th Amendments"); Doc. 2 at 26 (labeling "Ground Two" as "Violation of 6th Amendment Right to Receive Effective Assistance of Counsel and the Trial Court Error(s)" and including all claims—except the sufficiency of the evidence challenge—under this second ground for relief).

claims in his first PCRA appeal.[76] The Superior Court, however, determined that Sawyer had waived two of the claims directly "assailing the jury instructions" because he had failed to raise them on direct appeal.[77] Thus, it is critical to determine exactly what type of claims Sawyer is asserting in the instant petition and whether he fairly presented them to the state courts (or whether he procedurally defaulted them).

Sawyer's memorandum of law in support of his skeletal initial petition is difficult to follow. For example, Sawyer first provides three "questions" for review,[78] then what appears to be seven interrelated habeas claims,[79] then "analysis" on two grounds for relief.[80] Sawyer repeatedly conflates claims of ineffective assistance of counsel (which generally are cognizable in federal habeas proceedings) with claims of trial court error (which generally are not). As best the Court can ascertain, Sawyer's claims under Ground Two are as follows:

1. Ineffective assistance of trial counsel "for failing to request jury instruction and/or clarification concerning the age of consent during trial when the strategy defending the case was that of consent."[81]

2. Ineffective assistance of trial counsel for failing to object to questioning indicating that Sawyer "would be guilty of multiple crimes unless he could show by a preponderance of the evidence that he reasonably thought that B.B. was over 18" and by failing to object to jury

---

[76] *See Sawyer*, No. 433 MDA 2018, 2018 WL 4998304, at *2-3 (citing page 3 of Sawyer's brief on appeal).

[77] *See id.*, at *3.

[78] *See* Doc. 2 at 2-3.

[79] *See id.* at 3-24.

[80] *See id.* at 25-28.

[81] Doc. 2 at 6.

instructions which "were incorrect on the law and allowed [Sawyer] to be convicted for legal conduct."[82]

3. Ineffective assistance of trial counsel for failing to object "to the erroneous jury instructions which made the threshold for conviction easier."[83]

4. Trial court error by "factually finding that the instructions given to the jury were the standard jury instructions."[84]

5. Cumulative prejudice from trial counsel's ineffectiveness "in permitting testimony concerning the incorrect age of consent during trial and failing to object to incorrect jury instructions."[85]

6. Trial court error in failing "to provide the correct legal analysis and standard concerning its jury instructions in its [Rule] 1925[(a)] Opinion."[86]

The Court starts with the claims under Ground Two that are clearly unreviewable. Sawyer's fourth claim (that the trial court erred in finding that the instructions given to the jury were the standard jury instructions) and his sixth claim (that the trial court erred in its Rule 1925(a) opinion) are not cognizable on federal habeas review. Neither claim implicates a federal issue, and this Court does not review state-court determinations on questions of state law.[87] To the extent that Sawyer is challenging trial counsel's performance with respect to the

---

[82] *Id.* at 8.

[83] *Id.* at 12.

[84] *Id.* at 16.

[85] *Id.* at 17.

[86] *Id.* at 18.

[87] *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

jury instructions given, such an argument is already asserted in other claims under the umbrella of Ground Two.

The Court next turns to Sawyer's claims of ineffective assistance of counsel. A collateral attack based on ineffective assistance of counsel is governed by the familiar two-pronged test set forth in *Strickland v. Washington*.[88]  To prevail on such a claim, a criminal defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial.[89]  The defendant bears the burden of proving both prongs.[90]

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct.[91]  There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.[92]  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."[93]  To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.[94]  The

---

[88]   466 U.S. 668 (1984).
[89]   *Strickland*, 466 U.S. at 687-88.
[90]   *See id.* at 687.
[91]   *Id.* at 689.
[92]   *See United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989).
[93]   *Id.* at 711 (citing *Strickland*, 466 U.S. at 689-90).
[94]   *Strickland*, 466 U.S. at 694.

district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one.[95]

When a claim of ineffective assistance of counsel has been exhausted in state court, review of that claim by a federal habeas court is significantly circumscribed.  The federal court does not review the ineffectiveness claim *de novo*; rather, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable."[96]  Under this "doubly" deferential standard, "so long as fairminded jurists could disagree on the correctness of the state court's decision," a state court's determination that a *Strickland* claim lacks merit precludes federal habeas relief.[97]

Sawyer asserts three claims of ineffective assistance of trial counsel as well as a related cumulative prejudice claim.  However, his second and third ineffectiveness claims implicate the same legal issue concerning the propriety of the jury instructions concerning the defense of mistake of age.  Thus, the gravamen of Sawyer's Sixth Amendment claims appears to be that (1) trial counsel failed to correct the issues surrounding the age of consent in Pennsylvania (both during trial and when instructions were given) and (2) trial counsel failed to object to the jury

---

[95] *See id.* at 697; *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008).

[96] *Richter*, 562 U.S. at 101 (emphasis added); *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 546-47 (3d Cir. 2014).

[97] *Richter*, 562 U.S. at 101, 105 (citation omitted).

instructions regarding the defense of mistake of age.  Sawyer expends a great deal of energy making convoluted and circulatory arguments in his memorandum (many of which attack the jury instructions themselves rather than trial counsel's performance), but ultimately he only identifies the two foregoing attorney errors.

Both of these Sixth Amendment claims appear to have been exhausted in state court.[98]  The PCRA court and the Superior Court analyzed only the prejudice prong of the *Strickland* analysis, finding that, even if Sawyer's attorney's conduct had fallen below a constitutionally permissible standard, Sawyer had failed to establish a reasonable probability that, but for counsel's deficient performance, the outcome of the trial would have been different.[99]  The Superior Court recounted trial testimony from B.B. that Sawyer had tried to coerce her into having sex with him, and that both B.B. and the officer who discovered B.B. in the car testified that she was "crying, very upset, and scared."[100]  The panel reasoned, "There was no testimony that B.B. was engaging in consensual sex; thus it strains credulity that the jury could have concluded her encounter with [Sawyer] was consensual."[101]

While the Superior Court's analysis is somewhat abbreviated, it cannot be said that its determination on these Sixth Amendment claims was *unreasonable*. Sawyer was convicted of kidnapping to facilitate a felony, unlawful contact with a

---

[98]  *See, e.g.*, *Sawyer*, No. 433 MDA 2018, 2018 WL 4998304, at *2.
[99]  *See id.*, at *5-6.
[100]  *Id.*, at *5.
[101]  *Id.*, at *6.

minor – open lewdness,[102] and false identification to a police officer.  He disputes

only the first two convictions.  Furthermore, his challenge to the kidnapping

offense appears to rely solely on his argument that, without an underlying felony

for unlawful contact with a minor (*i.e.*, that the contact was not unlawful because it

was consensual) or attempted indecent assault (for which he was acquitted), there

would be no predicate intention "[t]o facilitate the commission of any felony" as is

required to establish the kidnapping offense for which he was convicted.[103]

The Court first observes that, as Sawyer correctly asserts, the age of consent

in Pennsylvania is 16,[104] and it is undisputed that B.B. was 16 at the time of the

incident.  Sawyer maintains that, because his attorney's theory of defense was

consensual contact between B.B. and Sawyer, counsel's failure to correct

inaccurate statements during trial about the age of consent prejudiced him and

resulted in convictions for kidnapping and unlawful contact.  He further argues that

he was unduly prejudiced by his attorney's failure to object to the jury instructions

on mistake of age, which Sawyer claims were irrelevant to the charges at issue and

caused the jury to convict him if they did not believe that he was mistaken about

---

[102] Unlawful contact with a minor – open lewdness is defined as follows: "A person commits an offense if he is intentionally in contact with a minor . . . for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth: (2) Open lewdness as defined in section 5901 (relating to open lewdness)." 18 PA. CONS. STAT. § 6318(a)(2).  It appears that this was the only unlawful-contact-with-a-minor offense charged. *See Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *6 n.4.

[103] *See* 18 PA. CONS. STAT. § 2901(a)(2) (defining the crime of kidnapping to facilitate a felony).

[104] *See* 18 PA. CONS. STAT. § 3122.1 (statutory sexual assault); 18 PA. CONS. STAT. § 3123(a)(7) (involuntary deviate sexual intercourse).

B.B.'s age.

Sawyer's arguments are unpersuasive. Notably, Sawyer was convicted of unlawful contact with a minor and, under that statute, "minor" means under the age of 18.[105] It is undisputed that B.B. was 16 years old at the time of the incident. The jury was properly instructed on the age of *minority*,[106] and nowhere in the charge was there any incorrect instruction about the age of consent.[107] Moreover, the defense of mistake of age was available to Sawyer,[108] and jury instructions were provided concerning that defense. The fact that Sawyer maintains that his theory of defense was consent—rather than mistake of age—does not necessarily mean that he was prejudiced (within the meaning of *Strickland*) by the trial court providing a mistake-of-age instruction.[109]

Rather, as the Superior Court correctly explained, Sawyer cannot establish prejudice because there was *no* evidence presented that would have indicated B.B. was engaging in consensual sexual contact with Sawyer.[110] Therefore, even

---

[105] *See* 18 PA. CONS. STAT. § 6318(c) (defining "minor" as an "individual under 18 years of age).

[106] *See* Doc. 2 at 77.

[107] *See generally id.* at 73-79. Any misstatements about the age of consent occurred during the trial, not during jury instructions. *See, e.g., id.* at 68 (trial counsel for Sawyer posing a question during cross-examination stating "as long as she's legal—legal meaning 18.").

[108] *See Commonwealth v. Vazquez*, No. 1123 WDA 2021, 2023 WL 2470282, at *1, 20 n.35 (Pa. Super. Ct. 2023) (nonprecedential) (finding that mistake-of-age defense was available for all convictions—including unlawful contact with a minor under Section 6318—except for corruption of a minor); *see also Commonwealth v. Morgan*, 913 A.2d 906, 910 (Pa. Super. Ct. 2006) (noting that mistake-of-age defense was raised to a charge under Section 6318).

[109] It should be noted that trial counsel testified at the PCRA hearing that the theory of defense was consent but also that B.B. had told Sawyer "she was of age." *See Sawyer*, No. 433 MDA 2018, 2018 WL 4998304, at *4.

[110] *See Sawyer*, No. 433 MDA 2018, 2018 WL 4998304, at *5

assuming that counsel's performance was deficient surrounding the issues of the age of consent and the mistake-of-age defense, "it strains credulity that the jury could have concluded [B.B.'s] encounter with [Sawyer] was consensual."[111]

In other words, even if there had been no misstatements about the age of consent being 18 rather than 16, and even if proper jury instructions were provided on the age of consent in Pennsylvania (rather than on mistake of age), there was absolutely no evidence adduced at trial that the encounter between B.B. and Sawyer was consensual. So even if trial counsel had performed precisely as Sawyer demands in his post-conviction petitions, there is not a reasonable probability that his theory of consent would have been accepted by the jury and resulted in an acquittal on the kidnapping and unlawful contact charges. And, because there is not a reasonable probability that the outcome of the trial would have been different, the Superior Court's application of *Strickland* for these claims of ineffectiveness was more than reasonable.

Finally, Sawyer raises a cumulative prejudice claim. The Superior Court summarily rejected this claim by citing *Commonwealth v. Elliott* for the proposition that "no number of failed ineffective-assistance-of-counsel claims may collectively warrant relief if they do not do so individually."[112] However, in *Elliott*, the Pennsylvania Supreme Court's very next sentence explains that "[w]hen

---

[111] *Id.*, at *5-6.
[112] *Id.*, at *6 (citing *Commonwealth v. Elliott*, 80 A.3d 415, 450 (Pa. 2013)).

the failure of individual claims *is based upon a lack of prejudice*, . . . then the cumulative prejudice from those individual claims may properly be assessed."[113] Federal law similarly provides for a cumulative prejudice or "cumulative error" claim.[114]  So the Superior Court should have reached the merits of Sawyer's cumulative prejudice claim.

Nevertheless, even if the Superior Court's application of federal law here was unreasonable, *de novo* review of this claim shows that it is meritless.[115]  As thoroughly explained above, whatever minor prejudice may have been caused by the attorney errors alleged, it does not rise to the level of having "had a substantial and injurious effect or influence in determining the jury's verdict."[116]  Again, this is primarily because there was no evidence on which the jury could have relied to believe Sawyer's theory of consent.  To the contrary, all the evidence adduced at trial established that any contact between B.B. and Sawyer was nonconsensual.

**B.    Supplemental Section 2254 Petition**

Sawyer filed his supplemental Section 2254 petition in September 2022.  In it, he raises four additional habeas claims: (1) another attempt to assert sufficiency

---

[113]  *Elliott*, 80 A.3d at 450 (emphasis supplied).

[114]  *See Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 542-43 (3d Cir. 2014); *Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007) (citing *Marshall v. Hendricks*, 307 F.3d 36, 94 (3d Cir. 2002)).

[115]  *See Saranchak v. Sec'y, Pa. Dep't of Corr.*, 802 F.3d 579, 589 (3d Cir. 2015) (explaining that, if a state court's resolution of a claim reflects an unreasonable application of clearly established federal law, the federal habeas court "review[s] the underlying claim de novo." (citation omitted)).

[116]  *Id.* (citation omitted).

of the evidence; (2) prosecutorial misconduct; (3) a due process challenge to his

sentence under the recidivism statute alleging a violation of *Alleyne v. United*

*States*[117]; and (4) a due process claim regarding lack of a preliminary

arraignment.[118]   These claims are either procedurally barred, meritless, or both.

### 1.   Ground One: Sufficiency of the Evidence

In his first supplemental ground, Sawyer tries to resurrect his sufficiency of

the evidence claim.   However, as fully explained in Section III(A)(1) above,

Sawyer procedurally defaulted this claim and has not established cause or

prejudice to excuse the default.   The claim is likewise meritless, as detailed above.

### 2.   Ground Two: Prosecutorial Misconduct

In his second ground for relief, Sawyer claims that the prosecutor committed

misconduct by "submitting falsified documents, introduc[ing] perjured evidence[,]

and allow[ing] for the destruction of exculpatory evidence."[119]   This claim,

however, is procedurally defaulted and unreviewable.

Sawyer attempted to raise this claim in his second direct appeal.[120]   The

Superior Court, however, found that this claim was not cognizable on appeal

following remand for resentencing.[121]   The panel cited *Commonwealth v. Lawson*,

which holds that "where a case is remanded to resolve a limited issue, only matters

---

[117]  570 U.S. 99 (2013).
[118]  *See generally* Doc. 19.
[119]  Doc. 19 at 8.
[120]  *See Sawyer*, No. 1981 MDA 2015, 2016 WL 5340506, at *2.
[121]  *See id.*

related to the issue on remand may be appealed."[122]  Sawyer, of course, could have raised this claim during his first direct appeal but did not.  Thus, because he never properly presented this claim to the state courts for a merits determination, it is procedurally defaulted.  Sawyer has not established cause or prejudice to excuse this default, so this Court cannot consider it.[123]

### 3.    Ground Three: Illegal Sentence

Sawyer next claims that he was improperly sentenced under the recidivist statute, 42 PA. CONS. STAT. § 9714.  He primarily argues that his sentence violates *Alleyne v. United States*[124] because no facts were presented to the jury about prior convictions that implicate a mandatory minimum sentence. The Superior Court rejected this argument in 2015 during Sawyer's first direct appeal, and then again in 2016 when he tried to raise it following resentencing.  Sawyer also appears to claim that his sentence was illegal because he did not have *any* qualifying prior convictions for a crime of violence.  The Superior Court affirmed dismissal of this claim as barred by the PCRA's statute of limitations.[125]

First, Sawyer's *Alleyne* claim is barred by the AEDPA's statute of limitations.  Under 28 U.S.C. § 2244(d)(1)(A), a petitioner generally has one year from the date on which a conviction becomes final in which to raise a habeas claim

---

[122] *Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa. Super. Ct. 2001) (citing *Commonwealth v. Jackson*, 765 A.2d 389 (Pa. Super. Ct. 2000)).
[123] *See Martinez*, 566 U.S. at 9.
[124] 570 U.S. 99 (2013).
[125] *See Sawyer*, No. 1213 MDA 2021, 2022 WL 1584836, at *2-3.

in federal court.[126]  The one-year clock is tolled for the period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[127]  Had Sawyer asserted this claim in his initial Section 2254 petition in 2019, it would have been timely. However, he did not raise it until September 2022, approximately three years past the expiration of the statute of limitations.  Sawyer provides no basis for equitable tolling or relation back, and therefore this claim must be dismissed.[128]

Even if this claim were not barred by the statute of limitations, the state court's adjudication of it was correct and thus reasonable.  *Alleyne* holds that any fact that increases the mandatory minimum sentence is an element of the crime that must be found beyond a reasonable doubt by the trier of fact.[129]  However, *Alleyne* carves out a specific exception for the "fact" of prior convictions, which are not required to be found by a jury beyond a reasonable doubt.[130]  Thus, as the Superior Court held,[131] Sawyer's sentencing under the recidivism statute—where the court (rather than a jury) found that Sawyer had one qualifying prior conviction for a crime of violence—did not violate *Alleyne* and was not illegal.

---

[126] *See* 28 U.S.C. § 2244(d)(1)(A).

[127] *Id.* § 2244(d)(2).

[128] *See Mayle v. Felix*, 545 U.S. 644, 650, 662-64 (2005) (holding that habeas claims raised in an amended Section 2254 petition—if filed beyond the AEDPA's one-year statute of limitations—must relate back under Federal Rule of Civil Procedure 15(c) to the original petition in order to avoid the AEDPA's time bar).

[129] *Alleyne*, 570 U.S. at 103, 108.

[130] *See Alleyne*, 570 U.S. at 111 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

[131] *See Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *5-6.

Finally, as to Sawyer's assertion that none of his prior convictions qualify as a crime of violence for purposes of Section 9714, that claim is procedurally defaulted because it was dismissed by the state court as untimely.[132]  Sawyer provides no cause or prejudice to excuse the default, so this claim cannot be reviewed.

### 4.    Ground Four: Lack of Preliminary Arraignment

Sawyer's fourth and final supplemental claim fails for many of the same reasons as his third.  Sawyer asserts that, because he was never given a preliminary arraignment on the charges for which he was later convicted, the trial court lacked subject matter jurisdiction to hear his case.

Sawyer raised this claim during his first direct appeal and it was rejected on the merits by the Superior Court in 2015.[133]  Again, had Sawyer pressed this claim in his initial Section 2254 petition, it would have been timely.  But he did not raise it until September 2022, nearly three years past the expiration of the AEDPA's limitations period.  Sawyer provides no basis for equitable tolling or relation back, and therefore this claim must be dismissed as barred by the statute of limitations.[134]

---

[132] *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (stating that state court's determination as to timeliness is the "end of the matter" for purposes of the AEDPA (quotation marks and citation omitted)); *see also Merritt v. Blaine*, 326 F.3d 157, 167 (3d Cir. 2003) (federal court has "responsibility to give deference to the state court's determination of the timeliness of the state PCRA petition").

[133] *See id.*, at *2, 3.
[134] *See Mayle*, 545 U.S. at 650, 662-64.

Additionally, the state court's determination on this claim was reasonable. To the extent that Sawyer is arguing that his Fourteenth Amendment due process rights were violated by his lack of preliminary arraignment, he is incorrect.  As the state court noted, Sawyer was provided with the constitutionally required procedural protections at a June 2013 hearing; *i.e.*, "he was given a copy of the criminal complaint requesting a warrant for his arrest, notice of his right to secure counsel, notice of his right to waive the presence of counsel, notice of his right to a preliminary hearing[,] and [notice of] his right to have bail set."[135]  Sawyer was appointed counsel and eventually tried and convicted by a jury of his peers.

Due process under the Fourteenth Amendment generally requires notice, a meaningful opportunity to defend oneself against the offenses charged, and a jury finding of guilt beyond a reasonable doubt.[136]  Sawyer undoubtedly received these procedural protections.  Moreover, as noted by the Superior Court, Sawyer did not establish (and still has not established) how he was prejudiced by the lack of a preliminary arraignment such that it should result in the extreme measure of overturning multiple convictions reached by jury verdict.[137]  Accordingly, Sawyer's final supplemental claim does not warrant relief.

---

[135] *Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *3, 11.

[136] *Jackson v. Virginia*, 443 U.S. 307, 314 (1979); *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (quoting *Jackson*, 443 U.S. at 314-15); *see also Frisbie v. Collins*, 342 U.S. 519, 522 (1951) ("[D]ue process of law is satisfied when one present in court is convicted of a crime after having been fairly appri[s]ed of the charges against him and after a fair trial in accordance with constitutional procedural safeguards.").

[137] *See Sawyer*, No. 1530 MDA 2014, 2015 WL 7288066, at *11.

## IV.   CONCLUSION

For all the foregoing reasons, the Court must deny Sawyer's initial and supplemental petitions for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court will likewise deny a certificate of appealability, as Sawyer has failed to make a substantial showing of the denial of a constitutional right.[138]  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[138] _See_ 28 U.S.C. § 2253(c)(2).